UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLEN DAVID DANIEL, | Case No. 24-cv-10393 |
| Plaintiff, | Honorable Judith E. Levy |
| | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| BETH TROWBRIDGE, *et al.*, | |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' MOTION
FOR A MORE DEFINITE STATEMENT
(ECF NO. 12)**

## I.      Introduction

Plaintiff Allen David Daniel, a pro se parolee of the Michigan Department of Corrections, sues defendants under 42 U.S.C. § 1983 for alleged constitutional violations arising from his incarceration at the Gus Harrison Correctional Facility (ARF). ECF No. 1. The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8. The Court **GRANTS** defendants' motion.

## II.    Analysis

### A.

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under [Federal Rule of Civil Procedure] 12(e) before responding."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  Rule 12(e) states, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Such motions are disfavored and are not granted unless the complaint fails to meet the notice pleading standard under Rule 8 and "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."  *McCloy v. Corr. Med. Servs.*, No. 07-13839, 2008 WL 5350623, at *1 (E.D. Mich. Dec. 18, 2008) (cleaned up).

Rule 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and requires that each allegation be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  The rule ensures that "the district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue."  *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021)

2

(cleaned up).  To determine whether a complaint violates Rule 8, "the key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised."  *Id.* (cleaned up).

## B.

Daniel's complaint is erratic and disjointed, and thus obscures what claims are asserted against each of the 20 defendants.

Daniel alleges that Defendant Beth Trowbridge, a law librarian at ARF, read his legal mail without his permission after he complained to other staff members that she had exposed herself to him in a sexual manner.  ECF No. 1, PageID.3-4.  Daniel alleges that Trowbridge and Defendant Deborah Foster, another law librarian, harassed him in retaliation for filing grievances and for rejecting Trowbridge's alleged sexual advances.  *Id.*, PageID.4-10.  For example, he alleges that Trowbridge and Foster gave him legal carbon paper with Wiccan symbols, refused to make copies for one of his legal filings, and denied him access to the law library. *Id.*  He also alleges that Defendants Campbell (the ARF warden) and Howard (the assistant deputy warden) condoned and acquiesced in Trowbridge's and Foster's conduct, without specifying how they did so.  *Id.*, PageID.4-5.

3

The complaint repeatedly changes course and makes various unrelated allegations against other defendants.  Defendants Watkins and D. Liewert allegedly harassed and retaliated against Daniel for filing grievances by withholding his meals.  *Id.*, PageID.4, 6.  And Defendants Baker, Liewert, and Perry allegedly denied Daniel a religious meal accommodation.  *Id.*, PageID.9.  Defendant Schultz, a corrections officer, allegedly subjected Daniel to cruel and unusual punishment by sending him to a different unit despite his medical detail preventing him from climbing stairs.  *Id.*, PageID.7.  Defendant Lawson, a grievance coordinator, allegedly thwarted Daniel from filing a grievance.  *Id.*  Defendant Meyers allegedly acted in concert with Trowbridge in reviewing a misconduct ticket. *Id.*, PageID.8.  And Defendant Rodriguez allegedly confiscated Daniel's legal books and filings from his cell in retaliation for Daniel's grievances. *Id.*, PageID.10.

Other defendants are referenced even more obliquely.  For example, Defendants Young, Bradley, Vores, Bebe, and Cook allegedly acted "in concert" with Trowbridge in restricting Daniel's access to the law library, but it is unclear exactly what actions they allegedly took.  *Id.*, PageID.8-9. Defendant O'Brien allegedly "threatened" Daniel and told him to stop

4

writing grievances against Trowbridge.  *Id.*, PageID.7.  As for Defendants

Dahms and Morell, the complaint contains no allegations against them.

Daniel's legal claims are even more scattershot, as he cites a variety

of federal and state constitutional provisions as the bases for his claims.

Daniel asserts dozens of violations of the First, Fifth, Sixth, Eighth, and

Fourteenth Amendments, with little to no explanation of how the alleged

conduct violates those constitutional protections.  He also references

claims of retaliation, sexual harassment, due process, equal protection,

illegal search and seizure, access to courts, conspiracy, supervisory

liability, religious discrimination, racial discrimination, cruel and unusual

punishment, emotional distress, fraud, spoliation of evidence, and

intentional misrepresentation.  The Court agrees with defendants that it is

impossible to tell from these meandering allegations what claims are

asserted against each defendant.[1]

Daniel also improperly joins claims about multiple, unrelated

incidents.  Although the joinder of claims and parties is encouraged,

"plaintiffs, especially prisoners, do not have free reign to join multiple claims

---

[1] Daniel's response is largely unintelligible.  ECF No. 13.  Daniel quotes large portions of the Federal Rules of Civil Procedure and the local rules and attaches policy directives that relate to the merits of his claims.  But he makes no argument that the complaint satisfies the pleading standards.

and defendants in any manner they choose." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009). A "plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." *Id.* at 778 (cleaned up); *see* Fed. R. Civ. P. 20(a)(2). In deciding whether claims arise from the same transaction or occurrence, courts evaluate "the time period during which the alleged acts occurred; whether the acts are related; whether more than one act is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Proctor*, 661 F. Supp. 2d at 778 (cleaned up).

While Daniel's claims about Trowbridge's and Foster's alleged sexual harassment and retaliation may relate to claims against other defendants for supervisory liability or conspiracy, many of his other claims involve unrelated incidents (e.g., withholding meals, moving him to a different unit with stairs). Thus, most of Daniel's allegations do not arise from the same transaction or occurrence.

**By June 6, 2024**, Daniel must file an amended complaint in which he offers a short and plain statement of facts and claims about **one transaction or occurrence**. The amended complaint must name as

6

defendants only those persons who were part of the transaction or
occurrence described in the amended complaint.  Failure to comply with
this order may result in the dismissal of the entire complaint.  If Daniel
wishes to pursue unrelated claims against other defendants, he must
obtain written permission of this district to file new complaints, as he is an
enjoined filer.

## C.

Defendants also seek to strike paragraph 58 from Daniel's complaint.
Rule 12(f) authorizes courts to strike from a pleading "an insufficient
defense or any redundant, immaterial, impertinent, or scandalous matter."
Fed. R. Civ. P. 12(f).  "'Scandalous' generally refers to any allegation that
unnecessarily reflects on the moral character of an individual or states
anything in repulsive language that detracts from the dignity of the court."
*Sizzling Black Rock Steak House Franchising, Inc. v. Harold L.*
*Kestenbaum, PC*, No. 21-cv-11621, 2023 WL 3676941, at *5 (E.D. Mich.
May 26, 2024) (cleaned up).

A court has wide discretion to strike scandalous material from a
pleading, but such action is used sparingly.  *Id.*  "To grant a Rule 12(f)
motion, the court must determine that the challenged allegations are 'so
unrelated to the plaintiff's claims as to be unworthy of any consideration as

a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Id.*, at *6.

Paragraph 58 of the complaint compares Trowbridge to "a sex worker." ECF No. 1, PageID.10. That comparison is gratuitously offensive, intended as an insult while offering no value to the substance of Daniel's claims. *See Thompson v. Hartford Life & Accident Ins. Co.*, 270 F.R.D. 277, 279 (W.D. Ky. Oct. 12, 2010) (citing cases). The Court thus strikes ¶ 58 and warns Daniel that it will strike future filings containing gratuitously offensive language.

## III. Conclusion

The Court thus **GRANTS** defendants' motion for a more definite statement and **ORDERS** Daniel to file an amended complaint as described above.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 16, 2024

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The

district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 16, 2024.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager