UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Allen David Daniel,

                Plaintiff,        Case No. 24-cv-10393

v.                                    Judith E. Levy
                                        United States District Judge

Beth Trowbridge, *et al.*,
                                        Mag. Judge Elizabeth A. Stafford

                Defendants.

_____/

**OPINION AND ORDER OVERRULING IN PART AND DENYING AS MOOT IN PART PLAINTIFF'S OBJECTIONS [24] AND ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [23]**

On October 31, 2024, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") (ECF No. 23) recommending the Court grant the motion to dismiss filed by Defendants "Beth Trowbridge, Robin Howard, James Dahms, Brandon Morrill, Daniel Liewert, Kalin Meyer, Christopher Watkins, Thomas Schulz, Timothy O'Brien, Esther Rodriguez, Stephen Young, A. Cook, Donald Baker, Sherman Campbell, James Perry, Darley Lawson, Robert Vore, Deborah Foster, and Beebe Reno." (ECF No. 20,

PageID.308.) In their motion, Defendants seek dismissal of the amended complaint (ECF No. 19) under Federal Rules of Civil Procedure 8 and 41(b). (ECF No. 20, PageID.309.) Plaintiff Allen David Daniel—who is self-represented or proceeding pro se—filed five objections to the R&R in a document that is dated November 13, 2024. (ECF No. 24.) Defendants responded. (ECF No. 25.) For the reasons set forth below, Plaintiff's first, second, third, and fifth objections are OVERRULED, and his fourth objection is DENIED AS MOOT. (ECF No. 24.) The R&R (ECF No. 23) is ADOPTED IN PART, and Defendants' motion to dismiss (ECF No. 20) is GRANTED.

## I. Background

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on a dispositive motion, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires

parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346. Because Plaintiff is self-represented, the Court construes his objections liberally. *See Boswell v. Mayer*, 169 F.3d 384,

3

387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

## III. Analysis

As stated above, Plaintiff filed five objections to the R&R. (ECF No. 24.) The Court addresses each objection below. The Court finds that four of the objections fail and that one objection is moot.

In denying Plaintiff's objections, the Court notes that Plaintiff is not a new or inexperienced litigator; he is an enjoined filer who has initiated at least sixteen previous lawsuits in this district. (Case No. 08-cv-13997, ECF No. 11.) Those lawsuits were dismissed for reasons such as (1) the failure to prosecute or to comply with court rules, (2) the failure to state a claim upon which relief can be granted, (3) the failure to submit required information, (4) frivolousness, and (5) being duplicative. (*Id.*) Plaintiff is therefore familiar with the applicable pleading standards and the consequences of not complying with court orders and rules.

### A. Objection #1

In his first objection, Plaintiff targets the R&R's "Introduction" section. (ECF No. 24, PageID.353 (citing ECF No. 23, PageID.341–342).)

4

He argues that Magistrate Judge Stafford "err[ed] in granting the defendants [sic] motion for a more definite statement and ordering plaintiff Daniel to file an amended complaint correcting defects described in the order the [sic] conflicts with F.R.Civ. P. 8 (a)(2)(3) [sic], and the US Const. I & XIV amendments base [sic] on free non-threatening speech." (*Id.*) Magistrate Judge Stafford issued an order (ECF No. 15) granting Defendants' motion for a more definite statement (ECF No. 12) on May 16, 2024.[1] The order instructed that

> **[b]y June 6, 2024**, [Plaintiff] must file an amended complaint in which he offers a short and plain statement of facts and claims about **one transaction or occurrence**. The amended complaint must name as defendants only those persons who were part of the transaction or occurrence described in the amended complaint. Failure to comply with this order may result in the dismissal of the entire complaint. If [Plaintiff] wishes to pursue unrelated claims against other defendants, he must obtain written permission of this district to file new complaints, as he is an enjoined filer.

---

[1] On March 7, 2024, the case was referred to Magistrate Judge Stafford "for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 8, PageID.162.)

(ECF No. 15, PageID.276–277 (emphasis in original).) Plaintiff's first objection to the R&R fails because it is an untimely challenge to Magistrate Judge Stafford's order.

Toward the end of her order (below the decretal language and her electronic signature), Magistrate Judge Stafford included a "Notice to Parties About Objections" that states:

> Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. "When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge." E.D. Mich. LR 72.2.

(*Id.* at PageID.278–279.) Plaintiff—who does not indicate to the Court that he did not receive a copy of Magistrate Judge Stafford's order—did not file objections to the order.

Under Federal Rule of Civil Procedure 72(a), "[a] party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Plaintiff did not timely object to Magistrate Judge Stafford's order. He did not file an objection "within 14 days after being served with a copy" of it. *Id.* As a result, he may not argue now that the order

6

is erroneous. *See id.*; *Harris v. Detroit Pub. Schs. Cmty. Dist.*, No. 20-cv-10922, 2022 WL 385471, at *2 (E.D. Mich. Feb. 8, 2022) (finding that because the plaintiff did not object to the magistrate judge's ruling on his motions to compel, "to the extent that [the plaintiff] complains about the Defendants' behavior during discovery, or the Magistrate Judge's resolution of his motions to compel, those objections come too late and are waived" (citing Fed. R. Civ. P. 72(a))), *aff'd*, No. 22-1160, 2022 WL 18960954 (6th Cir. Dec. 20, 2022); *Elliott v. First Fed. Cmty. Bank of Bucyrus*, 821 F. App'x 406, 413 (6th Cir. 2020) (concluding that the plaintiff's "failure to object to the magistrate judge's order precludes him from 'assign[ing] as error a defect in the order'" (quoting Fed. R. Civ. P. 72(a))); *Powell v. Internal Revenue Serv.*, No. 15-11033, 2016 WL 7475812, at *3 (E.D. Mich. Dec. 29, 2016) ("Plaintiff's argument is untimely. Plaintiff's objection was filed more than fourteen days after Magistrate Judge Patti's Order and '[a] party may not assign as error a defect in the order not timely objected to.'" (quoting Fed. R. Civ. P. 72(a))).

Accordingly, Plaintiff's first objection is overruled.

**B. Objection #2**

In his second objection, Plaintiff focuses on the first five pages of the R&R's "Analysis" section. (ECF No. 24, PageID.354 (citing ECF No. 23, PageID.342–346).) There, the R&R discusses the framework for dismissal under Rule 41(b), the order requiring Plaintiff to file an amended complaint, the standard under Rule 8, and the allegations in Plaintiff's amended complaint. (ECF No. 23, PageID.342–346.)

Plaintiff argues that Magistrate Judge Stafford erred in failing to review his complaints "under the liberal standards set forth in **Haines v. Kerner**, 404 US 519: 94 SCt 584 (1972); **Erickson v. Pardus**, 550 US 84, 96: 127 SCT 1997 at 2200(2007), where under rule 8 a Plaintiff's claims are plausible under **Atlantic v. Trowbly**, supra 550US 544-546." (ECF No. 24, PageID.354 (emphasis in original).) This argument is an improper objection because it is vague and disputes the general correctness of the R&R. *See Miller*, 50 F.3d at 380; *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (quoting *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001))).

8

Plaintiff also appears to argue in his second objection that dismissal under Rule 41(b) is inappropriate because his "actions were clearly not intentional as explained in his pleadings, where the pleadings were filed on the last day they were due, and there was absolutely no time to correct such defects at the last minute to thee [sic] oversited [sic] errors." (ECF No. 24, PageID.354–355.) Plaintiff states that Magistrate Judge Stafford "did not allow Plaintiff Daniel to file Corrected amended pleadings, that were requested in the pleadings to either refiled [sic] an amended complaint to comply as ordered." (*Id.* at PageID.355.) He states that

> due to oversite [sic] and in advertisement [sic] error, Plaintiff Daniel overlooked the description of the defendant [in paragraph 58 of the complaint] that the court ordered corrected and requested that pro se Plaintiff Daniel must be allowed to redact it or refile an amended complaint to comply as ordered. The court took offense to Plaintiff Daniel's description of the defendant [sic] appearance as a "street worker not sex worker", this was an [sic] plain error by the court F.R. Civ. P. 52 (a) [sic]. **U.S. v. Olano,** 507 US 7215, 729-731: 113 SCT 1770 (1993); **Johnson v. U.S**. 520 US 461, 466-467: 117 SCT 1844(1997), see also **Wilson v. State Farm Fire & Cas. Co.** 799 F.Supp.2d 829, at 832( E.D. Tenn. 2001). The term "street worker" under the Sixth Circuit Court Of Appeals seems to be protected speech **Sandual v. Larion**, supra 119 F. 3d 1250-1251 and the U.S. Const. I. Plaintiff Daniel makes no excuses for non-

9

compliance to any court order, simply stating the law of this circuit say [sic] otherwise when it comes to Free Speech.

(*Id.* (emphasis in original).)

These arguments in Plaintiff's objection lack merit. As Defendants note in their response, Magistrate Judge Stafford gave Plaintiff an opportunity to amend the complaint in her order granting Defendants' motion for a more definite statement. (*See* ECF No. 25, PageID.263; ECF No. 15, PageID.276–277.) Plaintiff then filed an amended complaint. (ECF No. 19.) Plaintiff recognizes that he did not comply with Magistrate Judge Stafford's instructions for amending the complaint. He states that "there was absolutely no time to correct [the] defects [in the original complaint] at the last minute." (ECF No. 24, PageID.355.) Yet Magistrate Judge Stafford gave Plaintiff three weeks—or until June 6, 2024—to amend his complaint. (ECF No. 15, PageID.276.) Plaintiff did not indicate to Magistrate Judge Stafford that three weeks was not enough time to make the necessary corrections, and he did not request an extension of time to file an amended complaint to the extent he needed more time. Plaintiff was warned by Magistrate Judge Stafford that "[f]ailure to comply with th[e May 16, 2024] order may result in the dismissal of the entire

10

complaint." (*Id.* at PageID.277.) Plaintiff does not show that the R&R contains a mistake. This portion of his objection is therefore denied.

Further, Plaintiff's challenge to Magistrate Judge Stafford's decision in her May 16, 2024 order regarding language in paragraph 58 of his initial complaint[2] is too late. *See* Fed. R. Civ. P. 72(a). As determined above, Plaintiff did not timely object to Magistrate Judge Stafford's order. *See id.* As a result, he "may not assign as error a defect in the order." *Id.*

Accordingly, Plaintiff's second objection is overruled.

### C. Objection #3

In his third objection, Plaintiff points to two pages in the R&R's "Analysis" section. (ECF No. 24, PageID.355 (citing ECF No. 23, PageID.347–348).) On the pages of the R&R that Plaintiff references, the R&R (1) applies to this case the four factors for dismissal under Rule 41(b) and (2) concludes that Plaintiff's "amended complaint should be dismissed in its entirety under Rules 8 and 41(b)." (ECF No. 23, PageID.347–348.)

---

[2] The Court notes that Magistrate Judge Stafford's order states that "Paragraph 58 of the complaint compares Trowbridge to 'a sex worker.'" (ECF No. 15, PageID.278 (citing ECF No. 1, PageID.10).) However, paragraph 58 of that document compares Trowbridge to "a street worker." (ECF No. 1, PageID.10.)

11

> Plaintiff first argues that
>
> > clearly the court erred again by not even reading the pro se pleadings as described above, because Plaintiff Daniel did NOT act in bad faith, the court never allowed Plaintiff Daniel to correct these oversites [sic] as described in the above Objections 1, and 2, where the dismissal was extremely harsh without a hearing.
>
> (ECF No. 24, PageID.355.)

This part of Plaintiff's third objection is denied for the reasons his second objection was denied. Magistrate Judge Stafford gave Plaintiff three weeks to amend the complaint, as discussed above. (ECF No. 15, PageID.276–277.) Plaintiff did not ask for more time to file an amended complaint. Plaintiff acknowledges that his amended complaint fails to comply with Magistrate Judge Stafford's order. (*See* ECF No. 24, PageID.355 ("[T]he court never allowed Plaintiff Daniel to correct the[ ] oversites [sic] as described in the above Objections 1, and 2 . . . .").) Moreover, Magistrate Judge Stafford's order and R&R reflect that she did read Plaintiff's pleadings. (*See* ECF No. 15, PageID.273–276; ECF No. 23, PageID.343–347.) Plaintiff does not show that Magistrate Judge Stafford erred in recommending dismissal without conducting a

12

hearing. Therefore, the initial part of Plaintiff's third objection is denied.

Plaintiff's remaining argument in his third objection seems to be that Magistrate Judge Stafford is biased. Plaintiff quotes the language of 28 U.S.C. § 453—which is titled "Oaths of justices and judges"—and then quotes the language of 28 U.S.C. § 455—which is titled "Disqualification of justice, judge, or magistrate judge." (ECF No. 24, PageID.355–357.) Beneath the quoted language he states: "There appears to be bias here **_Caperton v Massey_**, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct." (ECF No. 24, PageID.357 (emphasis in original).) Plaintiff's undeveloped argument regarding bias does not entitle him to relief. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (alteration in original) (internal citation omitted)); *Buetenmiller v.*

13

*Macomb Cnty. Jail*, 53 F.4th 939, 947 (6th Cir. 2022) (classifying an argument as perfunctory, "meaning it is deemed forfeited" (citing *McPherson*, 125 F.3d at 995–96)); *Williams v. Memphis Light, Gas & Water*, No. 23-5616, 2024 WL 3427171, at *3 n.1 (6th Cir. July 16, 2024) (stating that the court "need not consider" two undeveloped arguments (citing *United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006))); *Marathon Petroleum Co., LP v. Bulk Petroleum Corp.*, No. 23-3282, 2024 WL 3339962, at *4 (6th Cir. July 9, 2024) (concluding that certain "arguments are undeveloped and thus forfeited" (citing *McPherson*, 125 F.3d at 995)); *Sizzling Black Rock Steak House Franchising, Inc. v. Harold L. Kestenbaum, PC*, No. 21-cv-11621, 2024 WL 3442417, at *8 (E.D. Mich. July 17, 2024) ("Courts routinely decline to consider . . . perfunctory, undeveloped arguments . . . ." (citing *Buetenmiller*, 53 F.4th at 946)). Regardless, Plaintiff fails to demonstrate bias on Magistrate Judge Stafford's part. Thus, this portion of Plaintiff's objection is denied.

Accordingly, Plaintiff's third objection is overruled.

**D. Objection #4**

In his fourth objection, Plaintiff takes issue with pages eight through ten of the R&R or subsection "C" of the R&R's "Analysis" section. (ECF No. 24, PageID.357 (citing ECF No. 23, PageID.348–350).) In this subsection, the R&R presents reasons why "most of the claims and defendants should be dismissed" "[e]ven if the case is not completely dismissed under Rules 8 and 41(b)." (ECF No. 23, PageID.348.) These reasons include dismissal under Federal Rule of Civil Procedure 20(a)(2) and Plaintiff's failure to "plausibly allege facts supporting supervisory liability." (*Id.* at PageID.348–350.) Because the parties did not brief these additional issues, and because the Court finds that Plaintiff provides no basis for the Court to reject the R&R's recommendation to grant Defendants' motion to dismiss under Rules 8 and 41(b), the Court declines to adopt the subsection of the R&R being disputed in Plaintiff's fourth objection. Plaintiff's fourth objection is therefore denied as moot.

Accordingly, Plaintiff's fourth objection is denied as moot.

**E. Objection #5**

In his fifth objection, Plaintiff disagrees with the R&R's "Conclusion" section. (ECF No. 24, PageID.358 (citing ECF No. 23,

PageID.350–351).) The "Conclusion" section states: "The Court thus **RECOMMENDS** that defendants' motion to dismiss (ECF No. 20) be **GRANTED**." (ECF No. 23, PageID.350–351 (emphasis in original).) Plaintiff does not present factual or legal grounds for his objection to this section, so this portion of the objection is improper. *See Pearce*, 893 F.3d at 346.

Plaintiff appears to argue at the end of his fifth objection that the Court "should overrule" the entire R&R under Federal Rule of Civil Procedure 60.[3] (ECF No. 24, PageID.358–359.) Plaintiff asserts that "[a]ll[4] apply as stated above in pro se Plaintiff Daniel [sic] objections 1-5 and why the District Court Honorable Judge Judith E. Levy should overrule the R& R [sic] in ECF No 23 page ID 342-352, and a minimum in part to allowing plaintiff Daniel to amend." (ECF No. 24, PageID.359.) Plaintiff's argument regarding Rule 60 lacks merit.

---

[3] In his objection, Plaintiff quotes what might be a previous version of Rule 60. (ECF No. 24, PageID.358–359.) The Court considers the current version of Rule 60 in its analysis that appears below. Even if the Court considered the version of Rule 60 that Plaintiff quotes, it would not alter the Court's analysis or decision on Plaintiff's objection.

[4] It is unclear what the word "all" refers to in Plaintiff's objection. (ECF No. 24, PageID.359.) It may refer to the reasons he identifies that allow a court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding" under the version of Rule 60(b) that he quotes. (*Id.* at PageID.358–359.)

16

Plaintiff does not demonstrate that Rule 60 entitles him to relief. Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Plaintiff does not identify "a clerical mistake or a mistake arising from oversight or omission." *Id.* Therefore, he does not establish that Rule 60(a) applies.

> Regarding Rule 60(b), the Supreme Court has stated:
>
> Rule 60(b) permits a court, "[o]n motion and just terms," to "relieve a party . . . from a final judgment, order, or proceeding." A court may do so for six enumerated "reasons," including "mistake, inadvertence, surprise, or excusable neglect." See Rule 60(b)(1). The general "purpose" of the Rule . . . is "to make an exception to finality." *Gonzalez v. Crosby*, 545 U.S. 524, 529, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005).

*Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 694 (2025). "Rule 60(b) . . . applies only to 'a final judgment, order, or proceeding.'" 11 Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2852 (3d ed. 2024). This case, however, is still open. There is no final judgment, order, or proceeding. Plaintiff does not show otherwise. He therefore does not show that Rule 60(b) applies.

17

In sum, Plaintiff does not establish that Rule 60 provides a basis for the Court to reject the R&R as a whole. Nor does he demonstrate that Rule 60 requires that the Court give him another opportunity to amend the complaint. Thus, his argument regarding Rule 60 fails.

Accordingly, Plaintiff's fifth objection is overruled.

### F. Defendant Bradley and the R&R's Recommendation to Dismiss Plaintiff's Amended Complaint in its Entirety

The R&R recommends granting Defendants' motion to dismiss and dismissing Plaintiff's amended complaint "in its entirety under Rules 8 and 41(b)." (ECF No. 23, PageID.342, 348, 351.) The Court adopts the R&R's recommendation to grant Defendants' motion to dismiss under Rules 8 and 41(b); however, the Court cannot dismiss the amended complaint in its entirety at this time. Defendant Bradley has not appeared in the case and did not join in the motion. As a result, the case proceeds as to Defendant Bradley.

### IV. Conclusion

For the reasons set forth above, Plaintiff's first, second, third, and fifth objections are OVERRULED, and his fourth objection is DENIED AS MOOT. (ECF No. 24.) The R&R (ECF No. 23) is ADOPTED IN

18

PART. Defendants' motion to dismiss under Rules 8 and 41(b) (ECF No. 20) is GRANTED. The action is dismissed without prejudice as to Defendants Beth Trowbridge, Robin Howard, James Dahms, Brandon Morrill, Daniel Liewert, Kalin Meyer, Christopher Watkins, Thomas Schulz, Timothy O'Brien, Esther Rodriguez, Stephen Young, A. Cook, Donald Baker, Sherman Campbell, James Perry, Darley Lawson, Robert Vore, Deborah Foster, and Beebe Reno. The action proceeds against Defendant Bradley, who has not appeared in the case and did not join in the motion to dismiss. The Court declines to adopt subsection "C" of the R&R's "Analysis" section. (ECF No. 23, PageID.348–350.)

IT IS SO ORDERED.

Dated: March 25, 2025　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2025.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager