UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLEN DAVID DANIEL,<br><br>Plaintiff,<br><br>v.<br><br>BETH TROWBRIDGE, *et al.*,<br><br>Defendants. | Case No. 24-cv-10393<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE BY THE U.S. MARSHAL SERVICE (ECF NO. 28) AND ORDERING THE MDOC TO SUPPLY DEFENDANT BRADLEY'S LAST KNOWN ADDRESS**

Plaintiff Allen David Daniel, a pro se parolee of the Michigan Department of Corrections (MDOC), sues Defendant Bradley under 42 U.S.C. § 1983 for alleged constitutional violations arising from his incarceration at the Gus Harrison Correctional Facility (ARF). ECF No. 1. The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8.

Because Daniel has not served Bradley, the Court ordered him to show cause why this case should not be dismissed under Rule 4(m). ECF No. 27. In that order, the Court noted that Daniel paid the filing fee, so he must either arrange himself for defendants to be served or file a motion

under Federal Rule of Civil Procedure 4(c)(3) for the Court to order the U.S. Marshal Service (USMS) to effect service. *Id.*

Daniel responded to the show cause order by moving for an order for the USMS to serve Bradley and for an order directing MDOC to supply Bradley's last known address. ECF No. 28. Rule 4(c)(3) states, "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." When a plaintiff proceeds in forma pauperis ("IFP"), "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). But even when a plaintiff is not proceeding IFP, the Court may order service by the USMS. *See Wheeler v. Joseph*, No. 2:24-cv-11784, 2024 WL 4233907, at *1 (E.D. Mich. Sept. 18, 2024) (citing *Ramilla v. Jennings*, No. 4:21-CV-1799, 2022 WL 1203061, at *4 (N.D. Ohio Apr. 22, 2022)); Federal Judicial Center, Resource Guide for Managing Prisoner Civil Rights Litigation § III.B.5 at 25 (1996) ("Even if the prisoner pays the full filing fee, it appears that under new section 1915(d) the court can still grant the prisoner leave to proceed IFP, thereby permitting service of process by the U.S. marshal without the prisoner having to pay and arrange for service.").

Although Daniel is not proceeding IFP, service by the USMS is warranted. Daniel tried to serve Bradley at ARF but was unsuccessful

2

because he no longer works at the facility. ECF No. 28. And MDOC officials refused to provide Daniel with Bradley's last known address. *Id.* The USMS is used to effect service in prisoner cases for two reasons: (1) the security risks inherent in providing prisoners with the addresses of government officials, and (2) the difficultly that prisoners have in accessing information through the government. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 939 (E.D. Mich. 2004). Although Daniel is a parolee and no longer a prisoner, the same concerns apply.

Thus, the Court **GRANTS** Daniel's motion and orders that the USMS serve Bradley. MDOC is also ordered to provide the USMS with Bradley's last known address.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: April 29, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2025.

                            s/Davon Allen
                            DAVON ALLEN
                            Case Manager