UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLEN DAVID DANIEL,<br><br>Plaintiff,<br><br>v.<br><br>BETH TROWBRIDGE, *et al.*,<br><br>Defendants. | Case No. 24-cv-10393<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S REQUEST TO VOLUNTARILTY DISMISS THE ACTION (ECF NO. 35)**

Plaintiff Allen David Daniel, a pro se parolee of the Michigan Department of Corrections, sues under 42 U.S.C. § 1983 for alleged constitutional violations arising from his incarceration at the Gus Harrison Correctional Facility. ECF No. 19. The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8.

In May 2024, the Court granted defendants' motion for a more definite statement and ordered Daniel to file an amended complaint correcting the defects described in the order. ECF No. 15. Daniel timely amended his complaint. ECF No. 19. Defendants moved to dismiss the

new complaint under Federal Rules of Civil Procedure 8 and 41(b). ECF No. 20. The Court recommended that defendants' motion be granted and that the case be dismissed in its entirety. ECF No. 23. Judge Levy adopted in part the report and recommendation and dismissed all defendants except for Bradley. ECF No. 26. Judge Levy reasoned that Bradley could not be dismissed from the action because he had not appeared or joined in the motion to dismiss. *Id.*, PageID.384. Thus, Bradley is the sole remaining defendant in the action.

The Court ordered Daniel to show cause why the case should not be dismissed for lack of subject-matter jurisdiction given that the federal claims against Bradley lacked merit. ECF No. 34. The Court explained the pleading deficiencies in its order. *Id.* In response, Daniel seeks to voluntarily dismiss the case without prejudice to allow him to consult an attorney and file a new complaint. ECF No. 35.

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Bradley has not answered. Nor has he been served, as the summons and complaint mailed by the U.S. Marshal Service was returned

2

as undeliverable. ECF No. 33. Because Bradley has not answered or otherwise appeared in the case, dismissal without prejudice is proper.

Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). If a defendant has asserted a counterclaim, "the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). In determining whether the defendant will suffer legal prejudice from a voluntary dismissal depends in part on his "effort and expense" in defending the suit. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir.1994). Dismissal under Rule 41(a)(2) is also proper. Bradley would not be prejudiced by a dismissal given that he has not appeared, responded to the complaint, or expended any effort or expense in the litigation.

The Court thus **RECOMMENDS** that Daniel's request to voluntarily dismiss the action without prejudice be **GRANTED**.

                                                                 s/Elizabeth A. Stafford
                                                                 ELIZABETH A. STAFFORD
                                                                 United States Magistrate Judge

Dated: September 10, 2025

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 10, 2025.

                                              s/Davon Allen
                                              DAVON ALLEN
                                              Case Manager